FILED
JAN 2 4 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN IVEY, :
:
      Plaintiff, :
:
v. : Civil Action No. 08 0134
:
HENRY PAULSON, Secretary, :
United States Department of the Treasury, :
:
      Defendant. :

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and will dismiss this action with prejudice.

Plaintiff brings yet another civil action pertaining to his past employment as a seasonal data transcriber with the Internal Revenue Service ("IRS"). *See, e.g., Ivey v. Paulson*, No. 05-16157, 2007 WL 216284, at *1 (11th Cir. Jan. 29, 2007) (per curiam) (considering consolidated appeals challenging district court's grant of summary judgment in three cases "aris[ing] out of Ivey's previous employment as a seasonal data transcriber with the [IRS] in its Chamblee, Georgia office between January 1999 and March 2001"), *cert. denied*, 128 S.Ct. 177 (2007); *Ivey v. Snow*, No. 06-CV-2706-JOF-ECS, 2007 WL 2418877, at *1 (N.D. Ga. June 7, 2007) (Final Magistrate Report and Recommendation describing plaintiff's "three separate lawsuits in [the Northern District of Georgia] regarding his prior employment with the IRS"). In the instant civil action, plaintiff purports to bring an age discrimination claim, *see* Compl. at 8-9 (¶¶ 18-20), as well as civil rights claims under 42 U.S.C. §§ 1981, 1983 and employment discrimination claims

under 42 U.S.C. § 2000e against the Secretary of the Treasury. *Id.* at 23. Plaintiff has raised an age discrimination claim once before in this district, *Ivey v. Snow*, No. 05-2277 (EGS), 2006 WL 2711523 (D.D.C. Sept. 21, 2006) (Memorandum Opinion and Order transferring action), and the United States District Court for the Northern District of Georgia resolved the claim on the merits. *See Ivey v. Snow*, No. 06-CV-2706-JOF, 2007 WL 2478886, at *3 (N.D. Ga. Aug. 28, 2007) (adopting Magistrate Report and Recommendation to dismiss complaint for plaintiff's failure to exhaust administrative remedies). Similarly, plaintiff has raised both employment discrimination and civil rights claims against the Secretary of the Treasury, and those claims have been decided against him. *See, e.g., Ivey v. Paulsen*, 2007 WL 216284, at *2-4 (affirming district court's grant of summary judgment on Title VII claims for plaintiff's failure to establish *prima facie* case of discrimination based on race, color, religion, sex, or national origin, retaliation for engaging in protected activity, or sexual or racial harassment); *Ivey v. Paulson*, No. 07-cv-478, 2007 WL 1129001 at *2-3 (M.D. Fla. Apr. 16, 2007) (dismissing claims under 42 U.S.C. §§ 1981, 1983, 1986, 1988 and 2000e); *Ivey v. Snow*, 2007 WL 2478877 at *1 n.1 (noting dismissal of employment discrimination action transferred from this Court for lack of prosecution); *Ivey v. Snow*, Civ. No. 04-1377 (EGS), 2005 WL 758259 (D.D.C. Apr. 1, 2005) (Memorandum Opinion and Order transferring Title VII action to the United States District Court for the Northern District of Georgia).

Generally, a plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted). Under the doctrine of *res judicata*, a prior judgment on the merits of a plaintiff's claim bars the relitigation of the claim

and any other claims that could have been submitted to the Court. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (*res judicata* bars not only those issues that were previously litigated, but also those that could have been but were not raised); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *Flynn v. 3900 Watson Place, Inc.*, 63 F. Supp. 2d 18, 22 (D.D.C. 1999) (quoting *Shin v. Portals Confederation Corp.*, 728 A.2d 615, 618 (D.C. 1999)); *see Gullo v. Veterans Coop. Hous. Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam) (affirming dismissal on ground of *res judicata* where district court took judicial notice of previous case).

Here, review of this Court's docket and reported cases from other federal courts shows that plaintiff either has raised or has had an opportunity to raise the claims set forth in the instant complaint. The Court therefore concludes that plaintiffs' claims are barred under the doctrine of *res judicata*. Accordingly, the Court will dismiss this action with prejudice. An Order consistent with this Memorandum is issued separately on this same date.

/s/ Reggie B. Walton
United States District Judge

Date: December 26, 2007